IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Darwin Ligman, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| Wisconsin Central, Ltd., ) | |
| a Delaware corporation, ) | |
| d/b/a Canadian National Railway ) | |
| Company, "CN", a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Darwin Ligman, and for his claim and cause of action against Defendant, Wisconsin Central, Ltd., a Delaware corporation d/b/a Canadian National Railway Company, "CN", a foreign corporation, states and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action to recover damages for personal injuries Plaintiff suffered on December 6, 2018 while working as a road carman for Defendant Wisconsin Central, Ltd., a corporation d/b/a Canadian National Railway Company, "CN", a foreign corporation (Defendant). Plaintiff's claims against Defendant are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60.

**PARTIES**

2.  That at all times relevant herein, Plaintiff was a resident and citizen of Stevens Point, Wisconsin, and was employed by Defendant as a road carman.

3.  That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware and was duly licensed to operate a system of railroads as a common carrier of freight for hire in and through the State of Wisconsin and is engaged as a common carrier in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's claim against Defendant, pursuant to 45 U.S.C. §§ 51-60.

5. This Court has personal jurisdiction over Defendant because they purposefully availed themselves of the privilege of conducting business activities in the State of Wisconsin, and the incident that is the subject of this lawsuit occurred in the State of Wisconsin, creating sufficient contacts within the state to permit this Court to exercise jurisdiction.

6. Venue of this lawsuit in this Court is proper related to Defendant pursuant to 45 U.S.C. § 56, which allows bringing a lawsuit in a district court in which the cause of action arose.

7. The action against Defendant is timely commenced under the FELA pursuant to 45 U.S.C. § 56.

## FACTS

8. That at all times material herein, Defendant was an interstate carrier engaged in interstate transportation and commerce, that Plaintiff was employed by Defendant as a road carman, and as such was working and engaged in interstate commerce at the time of the incident hereinafter set forth, and was working in the furtherance of Defendant's interstate commerce and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant as a railroad common carrier of freight for hire.

9. That on or about December 6, 2018, Plaintiff was in the course and scope of his employment working as a road carman at Defendant's Whitehall Stub Track near Wisconsin Rapids, Wisconsin. Plaintiff and a coworker were instructed to change wheel sets on a rail car requiring the use of a truck equipped with a boom or crane like device to lift the removed wheel set onto the truck for transport. Plaintiff's coworker operated the boom and lifted the wheel set onto the truck and Plaintiff's job was to disconnect the wheel set from the boom and then lock the

wheel set in place on the truck. The truck holds a maximum of two-wheel sets and after Plaintiff locked down the second wheel set, he went to climb down off the truck. Plaintiff had to negotiate around a welder/compressor mounted on the truck that created a restricted and narrow space through which to maneuver and while doing so, Plaintiff fell and as a result was caused to suffer severe and permanent injuries and be otherwise damaged.

10. Defendant violated the Federal Employers' Liability Act as a consequence of Defendant's above-described negligence, and in:

A. Failing and neglecting to provide Plaintiff with a reasonably safe place to work.

B. Failing and neglecting to provide Plaintiff with safe and proper equipment for the work assigned.

C. Negligently assigning Plaintiff to work with dangerous, unsafe and defective equipment.

D. Failing to warn Plaintiff of defective and unsafe equipment.

E. Failing to properly train Plaintiff in the use and operation of its truck.

F. Other acts of negligence causing severe stress, anxiety and emotional distress.

As a consequence of the above-described negligence Plaintiff was caused to be injured as herein set forth.

11. That as a result, Plaintiff suffered severe, permanent and disabling injuries and damages, has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of living, and has suffered permanent injury and disability, all to his injury and damage.

## **Jury Demand**

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**Prayer for Relief**

Plaintiff, Darwin Ligman prays for judgement against the Defendant Wisconsin Central, Ltd., a Delaware corporation d/b/a Canadian National Railway Company, "CN", a foreign corporation, for his damages together with costs and disbursements, and such further relief as the Court deems appropriate and just.

Dated:  November 2, 2021					HUNEGS, LeNEAVE & KVAS, P.A.


							/s/ Randal W. LeNeave
							Randal W. LeNeave, WI Bar #1087683
							Paul Banker, WI Bar #1097390
							Joshua Miller, MN Bar # 0397585
							1000 Twelve Oaks Center Drive, Suite 101
							Minneapolis, MN 55391
							Tel: (612) 339-4511
							Fax: (612) 339-5150
							rleneave@hlklaw.com
							pbanker@hlklaw.com
							jmiller@hlklaw.com

							ATTORNEYS FOR PLAINTIFF